THE STATE OF OHIO, APPELLEE, *v.* KROUT, APPELLANT.

*Mr. J. Stanley Needles,* prosecuting attorney, and *Mr. George L. Kentris,* for appellee.

*Mr. Ronald G. Heck,* for appellant.

MILLER, J. This is an appeal from a judgment of conviction and sentence entered by the Court of Common Pleas of Hancock County.

Defendant was indicted and convicted on three counts involving aggravated trafficking in drugs, distributing a controlled substance with reasonable cause to believe it was intended for sale by another, and possessing a controlled substance in an amount exceeding the bulk amount but less than three times that amount.

In his appeal to this court defendant sets forth two assignments of error.

Additional facts necessary to the resolution of each assignment of error will be set forth thereunder.

Assignment of Error No. 1: "The trial court erred in overruling the Defendant's Motion to Suppress evidence which consisted of a test kit containing white powder and a plastic bag containing white powder substance, filed on March 4, 1980

for the reason that the Search Warrant, the Affidavit for Search Warrant and Journal Entry for Search Warrant as well as the purported inventory, do not comply with Rule 41, Ohio Rules of Criminal Procedure and O.R.C. 2933.21 through O.R.C. 2933.25."

Defendant argues either in his brief, or by reference therein to the hearing on the motion to suppress, three separate issues under this assignment of error.

First, it is noted that the warrant directs that the search be for "a quantity of cocaine believed to be approximately two ounces, and Two Thousand One Hundred Dollars ($2,100.00) in the following denominations * * *."

Actually seized was an alkaloid analysis kit, a spoon containing white powder and a plastic bag containing white powder which proved to be cocaine.

Defendant first contends that the cocaine and the test kit were not subject to seizure under a search warrant in that there was no indication that they were used as a means to commit a crime or that they were intended to be used in committing a crime.

The cocaine was specifically set forth in the warrant as an object of the search. Possession of the cocaine was unlawful under R.C. 2925.03 (A)(4). The cocaine therefore fell within the provisions of Crim. R. 41 (B) as contraband or a thing otherwise unlawfully possessed.

Although the test kit was not specifically mentioned in the warrant, there was no evidence at the hearing on the motion to suppress that it was not in plain view at the time of its seizure or that it was kept for use in any other manner than that for which it was intended, *i.e.*, testing for the presence of cocaine and the ratio of cocaine to other materials in the mixture.

We conclude that under the state of the evidence on the motion to suppress that the test kit was not subject to suppression.

Defendant next argues that R.C.

2933.24 requires the search warrant to contain the command that it be served in the daytime which was not set forth in the warrant herein.

Crim. R. 41 (C) provides that "the warrant shall be served in the daytime, unless the issuing court, by appropriate provision in the warrant, and for reasonable cause shown, authorizes its execution at times other than daytime."

Crim. R. 41 (F) defines "daytime" to mean the hours from 7:00 a.m. to 8:00 p.m.

We conclude that Crim. R. 41 controls and that the search warrant is not fatally defective for its failure to contain such a command.

In any event, the evidence was that the warrant was in fact served at 7:50 a.m., a time within the hours set forth in Crim. R. 41, and no prejudice in fact occurred in its execution as relates to time.

Defendant's third assignment is that a yellow piece of paper given defendant by the officer was not a copy of the inventory returned to the court.

Crim. R. 41 provides that the officer taking property shall give a *receipt* therefor and that the return shall be accompanied by a *written inventory* which will be made in the presence of the person from whom property is taken.

Here the officer gave defendant the yellow receipt at the premises searched, but later typed the same information as an inventory to be filed with his return. This procedure met the requirements of Crim. R. 41.

The first assignment of error is not well-taken.

Assignment of Error No. 2: "The trial court committed prejudicial and reversible error when it permitted, over objection, questioning of witnesses about, testimony concerning, and the introduction into evidence of a Warrant to Arrest on Indictment or Information and the accompanying Indictment issued by the Crawford County Common Pleas Court on or about the 18th day of May, 1979,

when such indictment had ultimately been dismissed; there was no conviction upon said indictment; and the case in Crawford County was unrelated to the Indictment upon which the Defendant was upon trial for herein."

Defendant called three witnesses to testify in his behalf as to his character.

After discussion out of the presence of the jury the state was permitted to cross-examine the witnesses as to whether they were aware of the fact that an indictment had been returned against defendant in Crawford County, Ohio, for engaging in organized crime, to wit: illegal trafficking in marijuana, although the indictment was later dismissed and defendant was not convicted of the offense.

Paragraph two of the syllabus of *State* v. *Elliott* (1971), 25 Ohio St. 2d 249 [54 O.O.2d 371], states:

"A character witness may be cross-examined as to the existence of reports of particular acts, vices, or associations of the person concerning whom he has testified which are inconsistent with the reputation attributed to him by the witness—not to establish the truth of the facts, but to test the credibility of the witness, and to ascertain what weight or value is to be given his testimony. Such inconsistent testimony tends to show either that the witness is unfamiliar with the reputation concerning which he has testified, or that his standards of what constitutes good repute are unsound." ·

We have carefully examined the transcript of proceedings at trial and find that witnesses Douglas, Wingate, and Seal testified only as to defendant's reputation for truth and/or veracity.

We parenthetically note that witness Koziel was not cross-examined relative to the indictment, that the jury was instructed to disregard the testimony of witness Myers and that witness Wingate did not in fact testify as to defendant's reputation. Although questioned as to defendant's reputation for truthfulness, witness Wingate in answer expressed her own thoughts as to defendant being a "reliable, responsible, hard-working individual."

The fact that defendant had been indicted for engaging in organized crime, to wit: illegal trafficking in marijuana, was not in any manner inconsistent with his reputation for truthfulness or veracity, but rather would go to his reputation generally as being of good character or a specific reputation as being a law-abiding citizen, matters about which the witnesses had not been questioned.

We thus conclude that the trial court erred in permitting cross-examination of the witnesses concerning the indictment returned in Crawford County and find the second assignment of error to be well-taken.

For the error prejudicial to defendant set forth under the second assignment of error, we must reverse the judgment of conviction and sentence entered by the Court of Common Pleas of Hancock County, and remand this cause to that court for new trial.

*Judgment reversed.*

COLE, P.J., and GUERNSEY, J, concur.